```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| FREDERICK SIMMONS, | Civil Action No. 10-250 (RMB) |
| Petitioner, |  |
| v. |  |
|  | **MEMORANDUM OPINION & ORDER** |
| MICHELLE R. RICCI, et al., |  |
| Respondents. |  |

IT APPEARING THAT:

1.   This matter was initiated on January 15, 2010, upon Petitioner's filing of his Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254.  See Docket Entry No. 1.

2.   This Court duly provided Petitioner with notice, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  See Docket Entry No. 3.  Petitioner elected not to respond to the Mason notice, hence ripening his Petition, as drafted, for this Court's review.  See generally, Docket.

3.   In light of Petitioner's election, this Court issued an order directing Respondents to answer the Petition.  See Docket Entry No. 4.

4.   The Court's order directing Respondents' answer mandated, inter alia, as follows:

> Respondents shall electronically file a full and complete answer to said Petition within 45 days of the entry of this Order, see Ukawabutu v. Morton,

>   997 F. Supp. 605 (D.N.J. 1998); and . . .
>   Respondents' answer shall address the allegations
>   of the Petition by each paragraph and
>   subparagraph, and shall adhere to the requirements
>   of 28 U.S.C. § 2254 Rule 5; and . . . the answer
>   shall address the merits of each claim raised in
>   the Petition, see 28 U.S.C. § 2254(b)(2) . . . .

Id. at 1-2.

5.  In response to the Court's directive, Respondents -- represented by J. Vincent Molitor, Assistant Prosecutor at the Office of Cape May County Prosecutor -- submitted their answer. See Docket Entry No. 7. The entire answer consisted of a mere *two pages*, substantively, as follows:

>   Respondent, the State of New Jersey, by way of
>   Answer to Petition for Writ of Habeas Corpus in
>   this matter, admitting petitioner is in State
>   custody, states: 1. The allegation in Ground One
>   is denied. 2. The allegation in Ground Two is
>   denied. 3. The allegation in Ground Three is
>   denied. 4. The allegation in Ground Four is
>   denied. 5. The allegation in Ground Five is
>   denied. 6. The allegation in Ground Six is denied.
>   7. The allegation in Ground Seven is denied. 8.
>   The allegation in Ground Eight is denied.  9. The
>   allegation in Ground Nine is denied.  10. The
>   allegation in Ground Ten is denied.  11. The
>   allegation in Ground Eleven is denied.  12. The
>   allegation in Ground Twelve is denied.  13. The
>   allegation in Ground Thirteen is denied.  14. The
>   allegation in Ground Fourteen is denied.  15. The
>   allegation in Ground Fifteen is denied.  16. The
>   allegation in Ground Sixteen is denied.  17. The
>   allegation in Ground Seventeen is denied.
>   Petitioner's petition for a writ of habeas corpus
>   is barred by 28 U.S.C. § 2244(d) . Petitioner's
>   conviction was final on October 19, 2000. [Ra10].
>   Petitioner filed his petition for post—conviction
>   relief on August 28, 2001. [Ra11].  The Supreme
>   Court of New Jersey denied Petitioner's request to
>   review the Appellate Division's decision to affirm
>   the trial court's denial of Petition's petition

>       for post—conviction relief on September 11, 2009.
>       [Ra18]. Petitioner filed his petition for a writ
>       of habeas corpus on January 15, 2010.  Therefore,
>       Petitioner's petition for a writ of habeas corpus
>       is procedurally barred. 28 U.S.C. § 2244(d).
>       Moreover, all of Petitioner's claims have been
>       adjudicated on the merits in the courts of the
>       State of New Jersey, and none of those State court
>       proceedings "resulted in a decision that was
>       contrary to, or involved an unreasonable
>       application of, clearly established Federal law"
>       or "resulted in a decision that was based on an
>       unreasonable determination of the facts in light
>       of the evidence presented."  28 U.S.C. § 2254(d).
>
>   Id. at 1-3 (citations to "RaXX" designations in original).

6.  The answer submitted by Respondents is patently deficient in numerous respects.

7.  To start, the Respondents' position that the Petition is untimely is an error of law.  As one of Respondents' exhibits demonstrates, Petitioner was denied certification by the Supreme Court of New Jersey, with regard to his direct appeal, on October 19, 2000.  Therefore, Petitioner's judgment of conviction -- contrary to Respondents' assertion -- could not have become "final" on that very date.  Indeed, it is axiomatic that:

    a.  The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or **by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court**. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. Thus, Petitioner's AEDPA period of limitations began to run 90 days after the Supreme Court of New Jersey issued its decision as to his direct appeal, i.e., **90 days after October 19, 2000, that is, on January 17, 2001.**

b.  Hence, if Petitioner filed his PCR application on August 28, 2001, then Petitioner used only seven months and eleven days of his one-year period of limitations and then statutorily tolled it until the date of the Supreme Court of New Jersey denial of certification with regard to his PCR application, i.e., until September 11, 2009. Starting from September 12, 2009, Petitioner's limitation period was running again, until Petitioner's date of filing of the Petition at bar,

>   that is, until January 15, 2010.  During this second stretch, Petitioner used four months and three days of his one-year period of limitations.  Because only eleven months and fourteen days have expired, the Petition is facially timely, that is, unless the Respondents misrepresented the relevant dates to this Court.

8.  Respondents' assertion that the Petition is procedurally barred fares no better than Respondents' claim that the Petition is untimely.  While "the AEDPA 'statute of limitations defense . . . is not 'jurisdictional,'" <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560 (2010) (quoting <u>Day v. McDonough</u>, 547 U.S. 198, 205 (2006)), it has nothing to do with the defense of procedural default, which occurs if the litigant fails to exhaust his/her state remedies or when the state court dismisses a claim on procedural grounds.  <u>See</u> <u>Lines v. Larkins</u>, 208 F.3d 153, 160 (3d Cir. 2000); <u>Werts v. Vaughn</u>, 228 F.3d 178, 192 (3d Cir. 2000); <u>see</u> <u>also</u> <u>Harris v. Reed</u>, 489 U.S. 255 (1989) ( "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice").

9. The aforesaid shortcomings, no matter how serious, are not the core deficiency of the answer prepared by Respondents.

   a. Here, simply put, the answer is far from a bona fide answer directed by the Court, <u>i.e.</u>, as an answer addressing the merits (that is, the facts and the law) of each claim raised in the Petition.

   b. The answer filed in this case is particularly troublesome because it is an answer prepared by the same Assistant Prosecutor who had represented Respondents in another § 2254 matter presided over by this Court, <u>Hatcher v. Ricci</u>, Civil Action No. 08-5370 (RMB) (D.N.J.), in which the Court expressed serious concerns relating to the Assistant Prosecutor's deficient conduct.  <u>See</u> <u>Hatcher v. Ricci</u>, Docket Entry No. 14.  The Court even considered sanctions.  <u>See id.</u>

   c. Clearly, Mr. Molitor has continued his unacceptable litigation practices, even in the face of the threat of sanctions.  The question facing the Court, then, is how such misconduct should best be addressed.  Several options are available.  Specifically:

      i. Rule 12(f) permits courts to strike from a pleading any immaterial matter.  <u>See</u> Fed. R. Civ. P. 12(f).  Here, the position that each of Petitioner's seventeen grounds should be denied,

    without any given basis, is facially immaterial and, hence, subject to strike.  Indeed, at this juncture, the sole consideration preventing this Court from considering the drastic remedy of Rule 12(f) in this matter is the fact that such ruling would operate as a <u>de facto</u> default judgment in Petitioner's favor, but "[d]efault judgment is [either] an extreme sanction that is [heavily] disfavored in habeas corpus cases," <u>Lemons v. O'Sullivan</u>, 54 F.3d 357, 364-65 (7th Cir. 1985), or a measure altogether inappropriate.  <u>See</u> <u>Allen v. Perini</u>, 424 F.2d 134, 138 (6th Cir. 1970) (default judgment has no place in habeas corpus).

ii. Rule 11 is also a remedy available to the Court. The Rule applies, with equal might, to submissions filed on both sides of the aisle, <u>see</u>, <u>e.g.</u>, <u>Allapattah Servs. v. Exxon Corp.</u>, 372 F. Supp. 2d 1344 (S.D. Fla. 2005) (sanctioning defendant on the grounds of the content of the defendant's answers), and the pattern of abusive litigation is highly pertinent to the court's Rule 11 determination.  <u>See</u>, <u>e.g.</u>, <u>Perkinson v. Gilbert/Robinson, Inc.</u>, 821 F.2d 686 (D.D.C. 1987) (district court did not abuse its discretion in

>   imposing severe monetary sanctions on defendant as result of defense counsel's misdeeds involving willful misconduct and bad faith shown by persistent pattern of abuse and callous disregard of court orders); <u>see</u> <u>also</u> <u>Armstrong v. Koury Corp.</u>, 16 F. Supp. 2d 616, 1998 U.S. Dist. LEXIS 12338 (D.N.C. 1998), <u>aff'd</u> 1999 U.S. App. LEXIS 412 (4th Cir. Jan. 13, 1999) (discussing relation of Rule 11 to the pattern of litigation activity); <u>accord</u> Rule 11, Advisory Comm. Note to 1993 am. ("[the court should consider] whether the improper conduct . . . was part of a pattern of activity, . . . whether the person has engaged in similar conduct in other litigation, . . . whether the responsible person is trained in the law, . . . [the need] to deter similar activity").
>
> iii. In a matter addressing circumstances quite similar to those at bar, the United States District Court for the Middle District of Alabama, speaking through its Chief Judge Mark E. Fuller, observed:
>
>> Despite the Court's repeated attempts to elicit an answer that complies with the Federal Rules of Civil Procedure . . . , the Court finds that the Second Amended Answer to [Plaintiff's pleadings] does not meet the requirements set by those rules. . . . Defendants answered [Plaintiff's complaint] in a manner that was not compliant with

> Federal Rules of Civil Procedure 8(b)(2) and 8(b)(3), which govern admissions and denials, and Federal Rule of Civil Procedure 11, which governs representations to the Court and sanctions. Specifically, the Answer "denied [wholesale] all material averments of the plaintiffs' Complaint and demand[ed] strict proof thereof." The Court allowed the defendants several opportunities to file amended answers, to no avail. Hence, the Court held:
> The Court is understandably concerned that the Rules of Civil Procedure have been flaunted by these pleadings. Therefore, it is . . . ORDERED that . . . Defendants shall file an amended answer that complies with ALL Federal Rules of Civil Procedure and ALL [applicable procedural requirements], including Rules 8 and 11 . . . or, in the alternative, . . . all counsel of record for Defendants are to read the [applicable procedural requirements] and the Federal Rules of Civil Procedure and to file a certification indicating that they have read these rules. Failure to file an answer that is fully compliant with all Federal Rules of Civil Procedure, [applicable procedural requirements] and this Order will result in appropriate sanctions . . . . Failure to comply with the other dictates of this Order will likewise result in appropriate sanctions.

Greene v. C & K Landscaping, 2008 U.S. Dist. LEXIS 103762 (M.D. Ala. Dec. 23, 2008) (capitalization in original; original brackets removed).

iv. While this Court is mindful of the distinction between the Federal Rules of Civil Procedure governing legal process in non-habeas actions, the Court finds Judge Fuller's observations both helpful and applicable, by analogy, to the

requirements of Habeas Rule 5 and this District's Local Rules.[1]

IT IS, therefore, on this **22nd** day of **December** **2010**, **ORDERED** that Respondents' counsel -- be it counsel J. Vincent Molitor or another counsel appointed in substitute -- shall file a **bona fide answer** to the Petition, **addressing the facts and the law of each of Petitioner's seventeen claims**;[2] and

---

[1]  Habeas Rule 5 provides as follows:

> The Answer . . . .  Contents: addressing the allegations . . . . .  The answer must address the allegations in the petition.  In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

This District's Local Rule 81.2 provides that, in habeas matters, "[t]he answer shall include the respondent's legal argument in opposition to the petition or motion."  L. Civ. R. 81.2 (d).


[2]  The Court take this opportunity to remind Respondents's counsel that habeas proceedings do not concern state law, and thus **Respondents' counsel shall address the facts of each Petitioner's claim in light of Supreme Court precedent governing each particular claim**.  In addition, **Respondents answer shall cite to the exhibits by using citations to the docket entries in this matter**, not "RaXX" designations used for the purposes of state proceedings and impossible to locate in the current record.  Finally, no "recycling" of state briefs will be tolerated.  Therefore, any submission of such "recycled" briefs, same as any submission of briefs failing to detail the relevant facts or to apply the governing Supreme Court precedent, or submission of briefs citing to exhibits designated for the purposes of underlying proceedings (rather than the instant docket) will be

IT IS FURTHER **ORDERED** that such **bona fide answer shall be filed within forty-five days from the date of entry of this Order**. No extension- of-time-to-answer applications shall be submitted by Respondents' counsel; and it is further

**ORDERED** that such answer shall be accompanied by:

(1) Respondents' counsel's written affidavit that Respondents' counsel read Habeas Rule 5 and this District's Local Rule 82.1 governing habeas practice; **and, in addition, by**

(2) A written certification of Robert L. Taylor, the Cape May County Prosecutor, verifying that he: (a) has read this Order and, (b) has approved of Respondents' answer submitted in response to this Order; and

IT IS FURTHER **ORDERED** that, in the event J. Vincent Molitor is appointed as counsel of record in any future matter being presided over by this Court, each submission made by J. Vincent Molitor shall be accompanied by a written certification of Robert L. Taylor (or the person performing, at that point in time, the duties of the Cape May County Prosecutor) in the format, as described above, until further order of the Court; and

IT IS FURTHER **ORDERED** that the Clerk shall serve this Order upon Respondents' current counsel, J. Vincent Molitor, by means

---

considered mockery of the Court and abuse of legal process, hence, subjecting Respondents' counsel and his/her Office to sanctions without further notice.

of electronic delivery and, in addition, by certified mail, return receipt requested.

                                          s/Renée Marie Bumb
                                          **Renée Marie Bumb**
                                          United States District Judge